IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                              CASE NO. 4:98cr44-RH

TAMMI RENEE BLOOM,

     Defendant.

_____/

**ORDER ESTABLISHING PROCEDURES ON POSSIBLE
SENTENCE REDUCTION UNDER AMENDMENT 706**

Defendant Tammi Renee Bloom appears to be eligible for a sentence reduction under United States Sentencing Guidelines Amendment 706. This order provides notice of my intention to consider a reduction and establishes a procedure under which the government must, and Ms. Bloom may, address the issue.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs

properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (hereafter cited as "*Guidelines Manual*").

Amendment 706 reduces the crack cocaine base offense level and provides a mechanism for calculating the base offense level in cases involving both crack and another drug. Amendment 715 further refines the calculations. In most circumstances, the amount of the reduction is two levels.

Amendment 706 became effective on November 1, 2007. Amendment 715 became effective on May 1, 2008.

II

When the Sentencing Commission adopts an amendment reducing a guidelines range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances courts will be allowed to apply the amendment retroactively to sentences imposed prior to the amendment's effective date. The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and

to the extent specified by the Commission. The court may act on its own motion or on motion of a defendant or the Bureau of Prisons. The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in Guidelines § 1B1.10. As set forth there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3). Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

### III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendments 706 and 715 in the list of retroactive amendments. The Commission imposed explicit limitations. First, a court must not make a reduction unless Amendments 706 and 715 change the defendant's

guideline range.  *See Guidelines Manual* § 1B1.10(a)(1).  Second, the Commission limited the extent of any reduction.  For a sentence within the original guideline range, a reduced sentence must not be below the low-end of the *amended* guideline range.  *See Guidelines Manual* § 1B1.10(b)(2)(A).  But for a sentence that was below the original guideline range, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate."  *Guidelines Manual* § 1B1.10(b)(2)(B).  Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, nor less than the time the defendant has already served.

Unless and until otherwise ordered, I intend to apply these limitations exactly as Congress and the Sentencing Commission imposed them.  It is true, of course, that arguments can be made for a broader or more limited approach.  This order is not intended to prejudge these issues.  But the burden will be on the party challenging congressional or Sentencing Commission action, and there is no reason to delay consideration of an explicitly authorized reduction while more esoteric legal issues are briefed.  By this order I announce my intention to consider only a sentence reduction authorized by the terms of the governing statutes and Sentencing Commission actions.

IV

Ms. Bloom was sentenced on January 29, 1999.  Her total offense level was

38, her criminal history category was I, and her guideline range thus was 235 to 293 months. The minimum mandatory sentence was 10 years. I sentenced Ms. Bloom to 235 months, the low end of the guideline range.

Under Amendments 706 and 715, Ms. Bloom's recalculated total offense level is 36, her criminal history category remains I, and her amended guideline range thus is 188 to 235 months. Amendments 706 and 715 would allow a reduction of Ms. Bloom's sentence to not less than 188 months.

V

Any reduction is discretionary. In deciding whether and how much to reduce a defendant's sentence (within the limitations set forth above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct. *See Guidelines Manual* § 1B1.10, cmt. n. 1(B).

Based on the existing record in this case, including the presentence report, I conclude that Ms. Bloom's sentence should be reduced to 188 months, unless the government or Ms. Bloom shows that it should not be. So that any issues may be appropriately resolved,

IT IS ORDERED:

1. By October 10, 2008, the government must file a memorandum setting

forth its position—or lack of position—on the possible reduction of Ms. Bloom's sentence. By the same date, the government may file materials in support of its position.

      2. If the government asserts that the presentence report ought not be made available to the Federal Public Defender (for his consideration of whether to seek appointment or take further action) the government must so indicate in its memorandum. If the government does not so indicate, then without further order the probation department may provide a copy of the presentence report to the Federal Public Defender, subject to the same restrictions on copying and disclosure as routinely attend the initial disclosure of a presentence report.

      3. At any time, Ms. Bloom may—but need not—file a supplemental memorandum setting forth her position on the possible sentence reduction, together with any supporting materials.

      4. An order reducing Ms. Bloom's sentence to 188 months may be entered at any time after the deadline for the government's memorandum (that is, after the expiration of 14 days from the date of this order).

      5. If, based on the record and the government's memorandum and supporting materials, it appears that a reduction to 240 months may not in fact be authorized or, as a matter of discretion, might not be entered, I will consider appointing an attorney for Ms. Bloom, may set a deadline for any further response

*Page 7 of 7*

by Ms. Bloom, and may establish appropriate additional procedures.

    6.  The clerk shall provide a copy of this order to Ms. Bloom herself by mail and to the attorneys of record through the electronic filing system.

    SO ORDERED on August 26, 2008.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge
